UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEVI ZADOK BUTTRY,

    Plaintiff,

v.                                    CAUSE NO. 3:22-CV-263-DRL-MGG

MIAMI CORRECTIONAL FACILITY,
WARDEN, CUSTODY STAFF, and
WEXFORD MEDICAL,

    Defendants.

OPINION AND ORDER

Levi Zadok Buttry, a prisoner without a lawyer, filed a complaint alleging he wasn't protected from attack or provided adequate medical treatment at the Miami Correctional Facility. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Buttry alleges he was attacked by fellow inmates in March 2020. He requested protective custody, but he says custody staff laughed and returned him to the same cellhouse where he was attacked again on April 6, 2020. After he returned from the hospital where he had surgery, he alleges he received inadequate medical treatment for

approximately three months before he was transferred out of the Miami Correctional Facility. Mr. Buttry does not identify any defendant by name. He sues the warden, unknown custody staff, and Wexford Medical.

The complaint does not state a claim against the warden because there is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Mr. Buttry alleges he was told Miami Correctional Facility does not have a protective custody unit, but protective custody is not the only means of segregating an inmate from others who threaten him and the lack of a specifically designated protective custody unit does not in itself state a claim. The complaint does not allege the warden was personally involved in deciding where to house Mr. Buttry or what medical care he should receive.

The complaint does not state a claim against Wexford Medical, a private company contracted to provide healthcare services at the prison. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at a correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather, corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id*. The policy or custom must be the "moving force behind

2

the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. Appx. 692, 695 (7th Cir. 2013). In this complaint, Mr. Buttry gives no hint his alleged lack of medical care was the result of anything other than the actions of individual Wexford employees.

The complaint might have stated a claim against custody staff if any had been named, but none were and "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P . 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Normally, when a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). "[T]he court may assist the plaintiff . . . by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible[.]" *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996).

Here however, it is too late to do that because the statute of limitations has already expired. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

Mr. Buttry signed his original complaint on March 27, 2022. ECF 2 at 7. It is unclear why he waited until nearly the end of the limitations period to file this lawsuit, but it is clear he left himself no meaningful time to conduct discovery and identify proper defendants. It is unclear why he filed this lawsuit on the wrong form in the Southern District of Indiana without a copy of his inmate trust fund ledger, but is it clear those mistakes delayed this litigation. Not until he paid the initial partial filing fee on July 11, 2022 was this case ripe for screening because "the statutory formula . . . required him to prepay part of the filing fee before the district court considered the merits of the case in any fashion." *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). By then, the statute of limitations had expired, and it was too late file an amended complaint with the names of the proper defendants. Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, an amendment would be futile because Mr. Buttry cannot correct the untimeliness of his complaint.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

August 30, 2022         *s/ Damon R. Leichty*
                         Judge, United States District Court